UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 2:17-CV-14302-ROSENBERG/HOPKINS

DENNIS MCWILLIAMS &
LORI MCWILLIAMS,

    Plaintiffs,

v.

NOVARTIS AG & NOVARTIS
PHARMACEUTICALS CORP.,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

    This cause is before the Court on Defendants' Motion to Dismiss Punitive Damages Demand [DE 27]. The Motion has been fully briefed. For the reasons set forth below, the Motion is denied.

    Plaintiffs have brought the instant case alleging that Defendants are liable (under a strict products liability theory) for failing to warn Plaintiffs about certain side effects for a drug that Defendants produce. Defendants argue that Plaintiffs' demand for punitive damages should be dismissed for two reasons. First, Defendants argue that New Jersey law applies to Plaintiffs' demand. Second, Defendants argue that New Jersey law precludes punitive damages in cases such as the case at bar.

    Defendants argue that New Jersey law applies because the conduct that Plaintiffs complain of—Defendants' failure to warn—took place in the state in which Defendants made decisions about the labeling and marketing of the drug—New Jersey. Plaintiffs respond by arguing that the Court cannot, at the motion to dismiss stage, assume that all of the alleged tortious conduct took place in New Jersey. More specifically, Plaintiffs point out that they have alleged tortious conduct outside of the borders of New Jersey. For example, Plaintiffs cite to paragraph fifteen of the First Amended Complaint which reads as follows:

> Novartis launched an initiative coined 'Selling the Switch,' where Novartis **instructed its sales force** to undermine the 'strong emotional attachment' doctors had to Gleevec [a competing drug]. To this end, Novartis devised a 'Loyalty Disruption Project,' focused on disrupting the medical community's emotional attachment to Gleevec by, among other things, selling Tasigna as a 'super-Gleevec,' and inspiring 'confidence through bandwagon effect.'

(emphasis added). Plaintiffs have alleged that Defendants' sales force, operating throughout the country, engaged in improper conduct. Plaintiffs therefore emphasize that Defendants' sales force is part of the tortious conduct in this case. On a motion to dismiss, this Court is required to view all inferences in favor of Plaintiffs. *See Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321 (11th Cir. 2012). Viewed in that light, the Court is not prepared to conclude that Plaintiffs' First Amended Complaint does not allege improper conduct outside of the boundaries of New Jersey. *See generally Stevens v. Novartis Pharm. Corp.*, No. 12-1414, 2013 WL 11332737 (D. Kan. July 11, 2013 ) (declining to determine a complex conflicts-of-law analysis regarding punitive damages at the motion to dismiss stage, holding that those issues were more appropriately addressed at the summary judgment phase). As a result, the Court cannot accept the premise supporting the entirety of Defendants' Motion to Dismiss—that New Jersey law applies because only New Jersey conduct is implicated in Plaintiffs' First Amended Complaint. Nothing in this Order shall preclude any party from revisiting this fact-intensive issue on summary judgment.

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss [27] is **DENIED**. Defendants shall answer Plaintiff's First Amended Complaint by March 5, 2018.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 27th day of February, 2018.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record