UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 2:17-CV-14302-ROSENBERG/MAYNARD

DENNIS MCWILLIAMS,
LORI MCWILLIAMS,

    Plaintiffs,

v.

NOVARTIS AG, *a global healthcare company*,
NOVARTIS PHARMACEUTICALS CORPORATION,
*a Delaware corporation*,

    Defendants.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO
EXCLUDE TESTIMONY OF DR. ROBERT WAGMEISTER**

THIS CAUSE is before the Court on Defendant's Motion to Exclude Testimony of Dr. Robert Wagmeister. DE 60. Defendant seeks to exclude the testimony of Plaintiffs' specific causation expert, Dr. Robert Wagmeister. Plaintiffs seek to have him testify regarding his conclusion that "Tasigna-induced atherosclerotic disease caused [Mr. McWilliams's] stroke." *Id.* at 4. The Court has carefully reviewed Defendant's Motion, DE 60, Plaintiffs' response, DE 66, Defendant's reply, DE 73, and is otherwise fully advised in the premises. For the reasons set forth below, Defendant's Motion is denied.

**I.    FEDERAL RULE OF EVIDENCE 702 AND THE *DAUBERT* STANDARD**

Rule 702 of the Federal Rules of Evidence provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable

> principles and methods, and (3) the witness has applied the
> principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. The proponent of the expert testimony bears the establishing its admissibility. *McDowell v. Brown*, 392 F.3d 1283, 1298 (11th Cir. 2004). In determining whether expert testimony and any report prepared by the expert may be admitted, the Court inquires whether (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue. *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (quoting *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir. 1998) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993))).

Under *Daubert*, district courts are to perform a "gatekeeping" role concerning the admission of expert testimony. *Daubert*, 509 U.S. at 592–93; *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150–52 (1999). "The Supreme Court did not intend, however, that the gatekeeper role supplant the adversary system or the role of the jury: vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *McDowell*, 392 F.3d at 1299 (citations omitted).

## II. ANALYSIS

Defendant makes two arguments for why the testimony of Dr. Wagmeister should be excluded. First, it argues that Dr. Wagmeister's opinions are not related to his expertise. Second, it argues that Dr. Wagmeister's reliance on his belief that Mr. McWilliams's atherosclerosis was

"rapidly progressing" to exclude Mr. McWilliams's other risk factors is unreliable and *ipse dixit*. The Court addresses each argument in turn.

A. Qualifications

Defendant argues that Dr. Wagmeister's litigation-derived opinions about Tasigna are not related to his expertise as a vascular surgeon who specializes in vascular aspects of spinal surgery. Defendant states that: (1) Dr. Wagmesiter lacks relevant experience because since 2008 he has specialized in vascular surgery conducted along-side a spine surgeon and he has never in his clinical practice formed an opinion that a medication caused a patient to develop atherosclerosis, DE 60 at 5–6; and (2) Dr. Wagmeister formed his opinions only after being approached by Plaintiffs' counsel and that he did not conduct his own research independent of the litigation, *id.* at 7–9. Plaintiffs respond that Mr. Wagmeister is qualified to render his opinions because vascular disease has been his specialty for over 30 years and he has performed thousands of procedures to treat cerebrovascular disease. DE 66 at 4–5.

The Court agrees with Plaintiffs. The qualifications of "an expert must satisfy a relatively low threshold, beyond which qualification becomes a credibility issue for the jury." *J.G. v. Carnival Corp.*, No. 12-21089-CIV, 2013 WL 752697, at *3 (S.D. Fla. Feb. 27, 2013). Dr. Wagmeister is qualified to render his opinions about the causation of Mr. McWilliams's atherosclerotic-related disease and stroke. He has been a vascular surgeon for over 30 years and has "diagnos[ed] and treat[ed] thousands of patients with atherosclerotic Peripheral Vascular Disease and Cerebrovascular Disease who have suffered symptoms of intermittent claudication, rest pain, ischemic ulcers, and stroke." DE 60-1 at 2. Defendant's argument that Dr. Wagmeister is unqualified because he has spent the past decade specializing in a type of vascular surgery and "has not performed a carotid artery endarterectomy (the surgical procedure that Mr. McWilliams

underwent following his September 2013 stroke) or diagnosed carotid artery stenosis (the location of Mr. McWilliams' atherosclerosis) in approximately a decade" takes too narrow a view of the requirements to be qualified as an expert. *See Furmanite Am., Inc., v. T.D. Williamson, Inc.*, 506 F. Supp. 2d 1126, 1129 (M.D. Fla. 2007) (citing *Maiz v. Virani*, 253 F.3d 641, 665 (11th Cir. 2001)) ("An expert is not necessarily unqualified simply because [the expert's] experience does not precisely match the matter at hand.").

B. Methodology

Defendant argues that Dr. Wagmeister's differential diagnosis is unreliable because he did not rule out the potential alternate causes of Mr. McWilliams's atherosclerosis in a scientific manner, but rather assumed a causal relationship based on a temporal relationship. DE 60 at 9–14. Plaintiffs respond that Dr. Wagmeister performed a differential diagnosis in which he considered all of the potential causes of Mr. McWilliams's vascular disease. DE 66 at 6. Dr. Wagmeister conducted this analysis by applying his clinical experience, knowledge of Mr. McWilliams's medical history, and his review of the medical literature on Tasigna. *Id.* at 9.

The Court agrees with Plaintiffs. Differential diagnosis "is a process of elimination in which (1) an expert compiles all possible causes of an injury, and (2) he rules out each of the potential causes until reaching one that cannot be ruled out or determining which of those that cannot be excluded is the most likely." *S. States Co-op., Inc. v. Melick Aquafeeds, Inc.*, 476 F. App'x 185, 188 (11th Cir. 2012). "[T]he expert must at least consider the other causes that could have solely given rise to the plaintiff's injury. If an expert fails to take serious account of other potential causes or cannot provide an explanation for why he determined an alternative cause was not the sole cause, his differential diagnosis methodology is unreliable." *In re Trasylol Prods. Liab. Litig.*, No. 08-MD-01928, at *12 (S.D. Fla. Nov. 23, 2010) (citations omitted).

4

Dr. Wagmeister's differential diagnosis is sufficiently reliable to meet the standards of *Daubert*. Dr. Wagmeister considered risk factors for atherosclerosis and eliminated them as the cause of Mr. McWilliams's atherosclerotic-related event. DE 60-1 at 5–12. Defendant points to *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practice and Prods. Liab. Litig. (No II) MDL 2502*, No. 17-1140, 2018 WL 2927629 (4th Cir. June 12, 2018) to argue that Dr. Wagmeister's differential analysis does not meet the standards of *Daubert*. In that case, the Fourth Circuit affirmed the District Court's exclusion of plaintiffs' specific causation expert because the doctor's "conclusions focused almost exclusively on the fact that [plaintiff] took the drug and later developed the disease, rather than explaining what led her to believe that it was a substantial contributing factor as compared to other possible causes." *Id.* at 15. Dr. Wagmeister's report does not suffer from the same flaws. He offers explanation for why he eliminated each of the risk factors. *See* DE 60-1. In reaching his opinion as to each risk factor, he explained his reasoning and relied on his medical training, clinical experience, and review of medical literature. *Id.* at 5–12.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Exclude Testimony of Dr. Robert Wagmeister [DE 60] is **DENIED**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this <u>9th</u> day of July, 2018.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record